JOHN W. JOLLS *vs.* MICHAEL KEEGAN, JR., Garnishee of
JULIAN COCHRAN.

*Landlord and Tenant—Attachment—Garnishee—Evidence—Admission Against Interest, to Counsel of Other Party, Not Privileged Communication—Agency.*

1. Where a party to a suit makes an admission to the other party, or to the counsel of the other party, it is competent for the party to whom such admission was made to testify thereto, upon the ground that it is an admission by a party against his own interest.

2. When such admission is made to the counsel of the opposing party it does not come within the rule of privileged communications.

3. What the jury must decide upon a plea of *nulla bona* by the defendant garnishee.

(*December 23, 1901.*)

LORE, C. J., and SPRUANCE, J., sitting.

*John H. Rodney* for plaintiff.

*Benjamin Nields* for defendant.

Superior Court, New Castle County, November Term, 1901.

ATTACHMENT CASE (No. 41, May Term, 1901).

John W. Jolls, on May 26, 1889, obtained a judgment against Julian Cochran for $66.92, upon which an attachment fi. fa. issued, being No. 41 to the May Term, 1901. The sheriff returned attachment laid in the hands of Michael Keegan, Jr., March 23, 1901. A plea of *nulla bona* was entered. Michael Keegan, Jr., in whose hands the attachment was laid was a tenant on shares on the farm of which Julian Cochran owned one-sixth interest. The plaintiff contended that such attachment thus laid covered the interest of Julian Cochran in the wheat crop which was gathered in 1901 from said farm.

J. Frank Biggs, who had been counsel in the case was called to the stand on behalf of the plaintiff and asked to detail a conversation that he had with Michael Keegan, Jr., in the town of Middletown about April, 1901, in reference to the share of Julian Cochran in the wheat crop upon the farm on which Michael Keegan, Jr., lived as tenant.

Objected to by counsel for defendant on the ground that Mr. Biggs having been counsel in the case was disqualified as a witness under the ruling of the Court in *DeFord vs. Green, 1 Marvel, 316.*

LORE, C. J.:—We never have decided that an admission made by the opposite party to an attorney of the other side could not be put in evidence. The only thing decided in the case cited was that the witness when called became a general witness and was subject to a general examination.

MR. NIELDS:—You would not allow the person who was in a lawyer's office to testify in that case.

LORE, C. J.:—That was based upon the ruling of privileged communications between lawyer and client.

That we would not allow, but we have never held that if the adverse party goes either to the other party or counsel of the other party, and makes an admission that he cannot be contradicted as to that either by the party himself or by his attorney.

We think that this testimony ought to be admitted and this witness allowed to testify upon the ground that it is an admission by a party against his own interest to the counsel of the adverse party and who is not even counsel now.

LORE, C. J., charging the jury :

Gentlemen of the jury :—It is claimed on the part of the plaintiff that John W. Jolls having recovered a judgment against Julian Cochran, issued an execution and attachment fi. fa. upon that

judgment, and on the twenty-third day of March, 1901, laid that attachment in the hands of Michael Keegan, Jr., a tenant upon the farm. To that attachment Michael Keegan pleaded *nulla bona*, that is, that he had nothing in his hands belonging to Julian Cochran.

So that the question for you to decide is whether or not on the twenty-third day of December, 1901, at the time that the attachment was laid in the hands of Michael Keegan, he actually had in his possession or control, any property, money or other things belonging to Julian Cochran.

The claim of the plaintiff in this case is that at the time Keegan did have in his hands Cochran's one-sixth interest in the wheat crop, amounting to two hundred and fifty-eight bushels, at seventy cents a bushel, which amounted to one hundred and eighty dollars and sixty cents, sufficient to pay the judgment against Julian Cochran, debt and interest, $103.28, with the costs of the suit thereon.

The point for you to decide is whether on the twenty-third day of March, 1901, Michael Keegan, Jr., had anything in his hands belonging to Julian Cochran.

Should you believe at that time Julian Cochran was entitled as the heir-at-law of his mother to the one-sixth interest in the land and that Doctor Gilpin was acting as the agent for the heirs-at-law, including Julian Cochran, then we say to you that Julian Cochran would be entitled to the one-sixth interest in the crop of wheat, and the plaintiff would be entitled to recover from the defendant the money value of the one-sixth interest in the wheat crop when sold, to the extent of his judgment, $103.28.

Verdict for plaintiff for $103.28.